IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GIBBS DAVIS,                     )
                                )
            Plaintiff,          )
                                )
v.                              )    CIVIL ACT. NO.  2:15CV944-MHT
                                )
TAYLOR M. WEST,                 )
                                )
            Defendants.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 23, 2015, this automobile negligence case was removed to this court

from the Circuit Court of Montgomery County, Alabama.  The complaint alleged that the

sole named defendant is a resident of Praireville, Louisiana.  The complaint demanded

judgment in the amount of $500,000.  Pursuant to 28 U.S.C. **§** 1441, the defendant

removed the case to this court on the basis of its diversity jurisdiction.  *See* 28 U.S.C. **§**

1332.  The defendant also filed an answer.  (Doc. # 2)

On December 29, 2015, the plaintiff filed an amended complaint (Doc. # 7) which

reduced the demand for judgment from $500,000 to $74,000.  The amended complaint

was accompanied by a motion to remand (Doc. # 8) premised on the reduction in the

monetary demand.  Of course, the amended complaint did not divest this court of

jurisdiction because the court's diversity jurisdiction is established at the time the notice

of removal is filed; that has been the law since 1938.  *St. Paul Mercury Indemnity Co.*

*v. Red Cab Co.,* 303 U.S. 283, 292 (1938).  *See also  Pretka v. Kolter City Plaza*

*II, Inc.*, 608 F.3d 744, 752 (11th Cir.2010).

Fortunately, the plaintiff recognized the error of his approach and in short order filed a motion to dismiss the amended complaint. (Doc. # 13) At argument on pending motions, the parties agreed that the case should be returned to its status before the amended complaint was filed, and the court agrees.

Accordingly, it is the Recommendation of the Magistrate Judge that the Motion to Remand (Doc. # 8) be DENIED and that upon the denial of the motion to remand, the Motion to Strike (Doc. # 7) and the Motion to Dismiss the first amended complaint (Doc. # 13) be DENIED as moot.

It is further

ORDERED that **on or before February 16, 2016**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 2nd day of January, 2016.


    _____/s/Charles S. Coody_____
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE